UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| KELLY NEIKIRK and ERNEST HALE, Individually and For Others Similarly Situated<br><br>  Plaintiffs,<br><br>V.<br><br>EPHRAIM McDOWELL HEALTH, INC.,<br><br>  Defendant. | CIVIL ACTION NO. 5:23-CV-153-KKC<br><br><br><br>**OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on the parties' Joint Motion for Approval of FLSA Settlement Agreement (DE 40). Because the Court has no authority to approve the settlement agreement between the parties to this matter, the Court will deny the motion.

The Court agrees with the court's analysis in *Gilstrap v. Sushinati LLC*, 774 F. Supp. 3d 710 (S.D. Ohio 2024). There, the court undertook an extensive review of relevant authority and determined that court approval of a settlement in a Fair Labor Standards Act case such as this is not required or even permitted. *Id.* at 714.

Parties' settlement agreements do not ordinarily require court approval. It is only in certain designated kinds of cases that such approval is required, *e.g.*, consent decrees, class actions, shareholder derivative suits, and compromises of bankruptcy claims. One obvious reason is that courts have "neither the authority nor the resources to review and approve the settlement of every case brought in the federal court system." *Id.* 722-23 (quoting *Caplan v. Fellheimer Eichen Braverman*

*& Kaskey*, 68 F.3d 828, 835 (3d Cir. 1995)).

Thus, the question is whether FLSA actions are one of the exceptional kinds of cases that require court approval before the parties may settle them. In *Gilstrap*, the court determined that neither the FLSA's text nor any other binding legal authority "supports a rule enabling district courts to exercise what amounts to a veto power over a private settlement agreement." *Id*. at 714.

Not only is there no binding case law or support in the FLSA text requiring court approval of FLSA settlement agreements, but an order approving or rejecting an FLSA settlement agreement negotiated by the parties would constitute a prohibited "advisory opinion." This is because such an order "merely opines on ancillary questions (the reasonableness of a settlement) that is not before the Court in a case arising under the FLSA itself." *Id*. at 722. "When the parties agree to settle the FLSA claim, no dispute regarding liability under the FLSA is still before the court. And when the parties seek the court's approval of their settlement, neither party disputes that the agreement is an agreement (i.e., a contract)." *Id*. at 723. Court approval of the settlement might bear on the legal enforceability of the agreement if anyone should ever raise that issue in the future, "[b]ut the time to resolve that dispute is if and when it arises, not now." *Id*. at 724.

As the court recognized in *Gilstrap*, federal courts have long agreed to review and approve FLSA settlement agreements. These cases largely relied on the Eleventh Circuit's decision in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), a case never cited by the Sixth Circuit.

In a well-reasoned opinion, *Gilstrap* determined the Eleventh Circuit's holding in *Lynn's Food* was not supported. Multiple other courts have agreed. *See, e.g., Walker v. Marathon Petroleum Corp.*, 684 F. Supp. 3d 408 (W.D. Pa. 2023); *Evans v. RWS Res., LLC*, No. 4:23-CV-00120-GNS-HBB, 2025 WL 354715 (W.D. Ky. Jan. 31, 2025); *Berner v. PharMerica Logistics Servs., LLC*, No. 3:23-CV-00142-CRS, 2024 WL 5147039 (W.D. Ky. Dec. 17, 2024); *Stephens v. Auto Sys. Centers, Inc.*, No. 2:21-CV-5131, 2024 WL 4577862 (S.D. Ohio Oct. 22, 2024); *Barrios v. Kamps, Inc.*, No. 1:23-CV-584, 2024 WL 4181210 (W.D. Mich. Sept. 12, 2024); *Cummins v. Midmark Corp.*, No. 3:23-CV-277, 2024 WL 3405458 (S.D. Ohio July 9, 2024); *Rainford v. Freedom Fin. Network LLC*, No. CV-22-02014-PHX-DWL, 2024 WL 2942715 (D. Ariz. June 11, 2024); *Kennedy v. El Centro Reg'l Med. Ctr.*, No. 22-CV-1522 JLS (LR), 2024 WL 1361838 (S.D. Cal. Mar. 29, 2024).

Accordingly, the Court hereby ORDERS as follows:

1) the Joint Motion for Approval of FLSA Settlement Agreement (R. 40) is DENIED; and

2) Within 30 days from the entry date of this order, the parties SHALL FILE either a) a status report regarding the settlement or b) a stipulation of dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1)(A).

This 2nd day of May, 2025.

*Karen K. Caldwell*
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY